**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3289
_____

J.C.C.

v.

L.C.,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-21889)
District Judge:  Honorable Susan D Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 19, 2021
_____

Before:  CHAGARES, Chief Judge, BIBAS, and FUENTES, Circuit Judges.

(Filed: March 31, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

J.C.C. and L.C. have two minor children together. J.C.C. (the father) brought a claim pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention")[1] alleging that L.C. (the mother) wrongfully removed the children from their country of residence. The District Court held a hearing and granted J.C.C.'s petition. L.C. appeals and raises one issue: whether the District Court erred by refusing to interview the children and precluding their testimony at the hearing. We will affirm the judgment of the District Court for the reasons explained below.

I.

J.C.C. is a citizen and resident of El Salvador, and L.C. is a citizen of El Salvador and resident of the United States. J.C.C. and L.C. have two children together: I.M.C. and V.I.C. I.M.C. was fifteen years old at the time of the District Court proceedings.[2] V.I.C. was nine years old.

In December 2016, J.C.C. and L.C. obtained a mutual divorce. At the time, both lived in El Salvador. L.C. testified that J.C.C. had been violent toward her during their marriage. Pursuant to the divorce, the parties agreed that J.C.C. would maintain physical custody of the children and L.C. would pay child support and have open visitation rights. In 2017, L.C. moved to the United States.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670, S. Treaty Doc. No. 99–11.
[2] I.M.C. is now sixteen years old and has aged out of the Hague Convention. Hague Convention, art. 4. Both parties agree that L.C.'s appeal as to I.M.C. is now moot.

On October 22, 2018, J.C.C. signed a notarized travel authorization allowing the children to visit L.C. in the United States over their school break. The children arrived in the United States on October 31, 2018 and were scheduled to return to El Salvador on January 21, 2019.

L.C. alleges that the children informed her that J.C.C. had physically abused them. In January 2019, L.C. called J.C.C. to inform him that she would not return the children. J.C.C. travelled to the United States to convince L.C. to return the children. After L.C. refused, J.C.C. filed a petition under the Hague Convention with the Central Authority in El Salvador on March 5, 2019. Between the time J.C.C. filed his petition in El Salvador and this lawsuit, J.C.C. continued to visit the children in the United States, and the children often stayed with him on these visits.

J.C.C. filed this lawsuit in the District of New Jersey. The District Court held an evidentiary hearing and heard testimony from six witnesses: four called by L.C. (L.C., L.C.'s boyfriend, L.C.'s attorney, and I.M.C.'s counselor), and two called by J.C.C. (J.C.C. and his attorney). The court, however, declined to hear testimony from the children on the ground that "it would have been redundant, needlessly harmful to the [c]hildren, and potentially influenced by [L.C.]." Appendix ("App.") 8a. Following the hearing, the District Court granted J.C.C.'s petition to return the children to El Salvador. The District Court held that J.C.C. had established a prima facie case under the Hague Convention and that L.C. had not sufficiently established an affirmative defense or exception. L.C. timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws and treaties of the United States, and pursuant to 22 U.S.C. § 9003, which grants federal courts "original jurisdiction of actions arising under the [Hague] Convention." 22 U.S.C. § 9003(a). We have jurisdiction under 28 U.S.C. § 1291. When a party alleges that a district court erred in its ruling on the admissibility of evidence, we review for abuse of discretion. Lippay v. Christos, 996 F.2d 1490, 1496 (3d Cir. 1993).

## III.

Under the Hague Convention, "a child wrongfully removed from her country of 'habitual residence' ordinarily must be returned to that country." Monasky v. Taglieri, 140 S. Ct. 719, 722–23 (2020). The International Child Abduction Remedies Act, which implemented the Hague Convention, provides that the petitioner must prove by a preponderance of the evidence that the child was wrongfully removed. Monzon v. De La Roca, 910 F.3d 92, 97 (3d Cir. 2018). Once the petitioner meets this initial burden, the respondent may oppose the child's return by proving one of several affirmative defenses listed in the Hague Convention. Id.

District courts have discretion, inter alia, to consider the wishes of the child in determining whether to return a child to her country of residence. Hague Convention, art. 13. L.C. presents a narrow issue on appeal: whether the District Court erred by refusing to interview the children and precluding their testimony at the hearing. We have not held — nor has L.C. pointed to any cases holding — that a district court is required to conduct

4

an interview with the child when adjudicating a claim brought under the Hague Convention. We thus review this case pursuant to an abuse of discretion standard.

A party arguing that a district court abused its discretion in connection with an evidentiary ruling must demonstrate that the District Court's decision was "arbitrary, fanciful or clearly unreasonable" and that "no reasonable person would adopt the district court's view." United States v. Bailey, 840 F.3d 99, 125 n.118 (3d Cir. 2016) (citation omitted). See also Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 542 (3d Cir. 2007). The District Court in this case heard from four witnesses called by L.C. It then determined that allowing the children to testify at the evidentiary hearing would be "redundant, needlessly harmful to the [c]hildren, and potentially influenced by [L.C.]." App. 8a. See Tsai-Yi Yang v. Fu-Chiang Tsui, 499 F.3d 259, 279 (3d Cir. 2007) (noting that where "a child's desire to remain or return to a place is 'the product of undue influence,' . . . the 'child's wishes' should not be considered."). Applying the abuse of discretion standard to this determination and considering that the District Court heard testimony from several other witnesses in making this determination, we hold that the decision not to interview the children or permit their testimony does not meet the standard to establish an abuse of discretion.

## IV.

For the foregoing reasons, we will affirm the District Court's Order.